# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

BRIAN M. CLAY,
ADC #119898                                                                    PLAINTIFF

V.                          NO. 2:16-CV-00027 JLH/BD

BRETT BUTLER                                                                   DEFENDANT

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Background**

Brian M. Clay, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, claiming that he was injured when Defendants forced him to perform labor beyond his physical capability.  Mr. Clay initially named Director Kelley and Warden Lay as Defendants, but the Court has dismissed Mr. Clay's claims

against those Defendants. (#6) Defendant Butler has now moved for summary judgment. (#23) Mr. Clay has not responded to the motion, and the motion is now ripe for decision.

**III.  Discussion**

    A.    Standard

Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). As the moving party, Defendant Butler bears the burden of proving that the facts relevant to Mr. Clay's claims are uncontested.

    B.    Deliberate-Indifference Claim

    1.    Factual Background

Mr. Clay alleges that, in July 2012, he underwent surgery on his right hand to alleviate pain caused by carpal tunnel syndrome. He complains that he also suffers from carpal tunnel syndrome in his left hand and wrist. He alleges that, while he was housed at the Tucker Maximum Security Unit, he was never forced to perform field utility duties in spite of pain to his hand and wrist.

On February 10, 2015, Mr. Clay was transferred to the East Arkansas Regional Unit. On My 20, 2015, he was assigned to field utility. Although Mr. Clay submitted

various grievances regarding his assignment to field utility, he was not re-assigned until October 2016.

On August 24, 2015, Defendant Butler examined Mr. Clay and told him that he could continue his field utility duties without additional restrictions. Since that time, Mr. Clay alleges that he has received several disciplinary infractions as a result of his refusal to perform duties that he alleges are "beyond [his] physical capabilities." (#2 at p.7) He complains that he continues to experience pain in both of his hands and wrists as a result of being forced to perform field work.

According to excerpts from Mr. Clay's medical records, on September 11, 2013, his medical classification was M-2; thus, he was exempted from work assignments that required "strenuous physical activity for periods in excess of 4 hours." (#25-1 at p.2)

After Mr. Clay's assignment to field utility duty in May 2015, he was evaluated by medical personnel multiple times at chronic care clinic, sick-call encounters, and during segregation rounds. Although Mr. Clay suffered several diabetes-related seizures during the time period at issue, the pain in Mr. Clay's wrists was addressed on only two occasions. On June 22, 2015, Mr. Clay saw a medical provider, who renewed his prescription for wrist braces. (#25-1 at p.12)

As noted, on August 24, 2015, Defendant Butler evaluated Mr. Clay. Defendant Butler noted that Mr. Clay's scar on his right wrist was "well-healed" and that his carpal tunnel syndrome was "stable." (#25-1 at p.25)

On October 6, 2016, Mr. Clay was re-assigned to building utility. (#25-3 at p.3) It is undisputed that Mr. Clay never "turned out" for field utility duty. (#25-4 at p.2)

2. Analysis

"Prison officials are deliberately indifferent in the work-assignment context if they knowingly compel an inmate to perform physical labor that is dangerous to his health, is unduly painful, or requires strength beyond his capacity." *Pitts v. Carrol*, 208 F.3d 218 (unpub. per curiam) (8th Cir. 2000) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993)). Defendant Butler can be held liable only if he "actually knew of but deliberately disregarded [Mr. Clay's] serious medical need." *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014). This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).

To prevail on this claim, Mr. Clay must plead and prove "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Clearly, Mr. Clay disagreed with Defendant Butler's assessment of his medical needs and physical restrictions, but his disagreement with treatment decisions is not conduct that rises to the level of a constitutional violation. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (plaintiff must show more than even gross negligence, and mere disagreement with treatment decisions does not rise to level of constitutional violation). Mr. Clay has not come forward with any evidence indicating that Defendant Butler acted with "a state of

4

mind more blameworthy than negligence," even if his assessment was wrong. *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 885 (8th Cir. 2009) (internal quotation and citation omitted).

Moreover, Mr. Clay has not offered evidence indicating that he suffered any additional injury as a result of Defendant Butler's conduct. According to Mr. Clay's sworn testimony, he never performed field utility work during the time period relevant to this lawsuit.

Defendant Butler has attached the affidavit of Jeffrey Stieve, M.D., in support of his motion. (#25-2) According to Dr. Stieve, there was "no medical indication of a need for a change in [Mr. Clay's] restrictions when Defendant Butler saw him in August 2015." (*Id*. at p.3) Mr. Clay has not come forward with any evidence to contradict Dr. Stieve's opinion. For that reason, there is no genuine dispute requiring a trial, and Defendant Butler is entitled to judgment as a matter of law.

## IV. Conclusion

The Court recommends that Defendant Butler's motion for summary judgment (#23) be GRANTED. Mr. Clay's claims should be DISMISSED, with prejudice.

DATED, this 13th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE